UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAURUS ANTONIO WIGGINS,

        Petitioner,

   v.

DAVID ORTIZ,

        Respondent.

Civil Action No. 20-1940 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 5). For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction.

### I.    BACKGROUND

    The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. As set forth in this Court's earlier Opinion in one of Petitioner's other cases:

> On August 31, 2011, a jury convicted Petitioner of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, in the United States District Court for the District of Maryland. *See Wiggins v. United States*, No. 13-1925, 2014 WL 2094192, at *3 (D. Md. May 14, 2014). Petitioner was sentenced to 262 months' imprisonment, which was affirmed on direct appeal. Thereafter, on July 1, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits by the District Court of Maryland.

*Wiggins v. Ortiz*, No. 18-2531, 2018 WL 1981477, at *1 (D.N.J. Apr. 27, 2018) (citations omitted). Afterwards, Petitioner filed his first § 2241 petition, and this Court denied that petition for lack of jurisdiction. *Id*.

In May of 2020, Petitioner filed the instant Petition, raising substantially the same claims as those within his first § 2241 petition. Petitioner again contends that his sentencing court lacked jurisdiction to impose a sentence on him and that he did not receive notice or service of process. As a result, Petitioner claims that his conviction and sentence are "*void ab initio*." (ECF No. 5, at 9).

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.    DISCUSSION

Petitioner challenges his conviction and sentence in this 28 U.S.C. § 2241 federal habeas action. Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

>him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for

3

which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his conviction within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" *as a result of a retroactive change in substantive law* that negates the criminality of his conduct. Rather, he is challenging the jurisdiction of his sentencing court.

As a general matter, however, sentencing courts can entertain challenges to their jurisdiction. 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that *the court was without jurisdiction to impose such sentence*." (emphasis added)); *see, e.g.*, *Robinson v. Ortiz*, No. 18-859, 2018 WL 1942518, at *3 (D.N.J. Apr. 25, 2018); *Taillon v. Wigen*, No. 14-0176, 2015 WL 13035060, at *3 (W.D. Pa. Jan. 20, 2015) (finding that a lack of subject matter jurisdiction claim "is precisely the type that must be brought in a § 2255 motion before the district court that sentenced him.").

As a result, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time

it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interest of justice to transfer this Petition to the Fourth Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision does not prevent Petitioner from seeking permission from the Fourth Circuit on his own.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED:  June 26,  2020                         s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge